# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT TREVINO,** | **Case No. 1:16-cv-1381-LJO-MJS** |
| Plaintiff, | **SCREENING ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| **J. HIEL, et al.,** | **(Doc. 1)** |
| Defendants. | |

### I.   Screening Requirement and Standard

Plaintiff Robert Trevino ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action under 28 U.S.C. § 1983 ("§ 1983"), the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701 et seq.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

Plaintiff's claims arise from incidents in 1998 when he was housed at Pelican Bay State Prison ("PBSP") in Crescent City, California, and in 1999, when he was housed in California Correctional Institution ("CCI") in Tehachapi, California. Doc. 1 at ¶ 16. Plaintiff names as defendants various individuals at each institution and claims they violated his rights under the ADA and RA, as well as his rights under the First, Fifth, Eighth, and Fourteenth Amendments.

As Plaintiff notes, his claims arising out of his time at PBSP are properly brought in the

Northern District of California. *See id.* at ¶ 12. This Court is not the proper venue for those claims. Accordingly, the Court DISMISSES all of Plaintiff's claims associated with his time at PBSP. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); *In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal for improper venue "does not go to the merits of the case and therefore must be without prejudice").

Plaintiff's constitutional claims, brought under § 1983 claims, are subject to a two-year statute of limitations. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1027 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims . . . and in California, that limitations period is two years."). Because his claims accrued in 1999, they are untimely. *See id.* The Court therefore DISMISSES Plaintiff's § 1983 claims with prejudice and without leave to amend because any amendment would be futile. *See See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) (court may sua sponte dismiss case as barred by statute of limitations if issue has not been waived).

Plaintiff's ADA and RA claims are likewise untimely. *See Sharkey v. O'Neal*, 778 F.3d 767, 771-72 (9th Cir. 2015) (holding California's three-year statute of limitations applies to ADA claims); *Ticer v. Young*, No. 16-cv-2198-KAW, 2016 WL 4719272, at *5-6 (N.D. Cal. Sept. 6, 2016) (holding California's three-year statute of limitations applies to RA claims). Accordingly, the Court DISMISSES Plaintiff's ADA and RA claims with prejudice and without leave to amend because any amendment would be futile.

### III. Conclusion and Order

For the foregoing reasons, the Court ORDERS that:

1. Plaintiff's claims arising out of his time at PBSP are DISMISSED for improper venue;
2. Plaintiff's claims arising out of his time at CCI are DISMISSED WITHOUT LEAVE

1       TO AMEND as barred by the applicable statutes of limitation;

2   3. This action counts as a strike under 28 U.S.C. § 1915(g); and

3   4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

6   Dated: __December 21, 2016__         /s/ Lawrence J. O'Neill
                                                  UNITED STATES CHIEF DISTRICT JUDGE